UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:22 CR 157 RWS |
| JARED AHART, | ) ) ) | |
| Defendant. | ) | |

### GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

1. **PARTIES:**

The parties are the defendant Jared Ahart, represented by defense counsel Diane Dragan, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

2. **GUILTY PLEA:**

a. **The Plea:** Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Count One, Count Three, and Count Four of the Indictment, the United States agrees to dismiss Count Two and Count Five at the time of sentencing. Moreover, the United States agrees that no further federal prosecution will be brought

1

in this District relative to Defendant's violation of federal laws, known to the United States at this time, arising out of the events set forth in the Indictment.

  b. **The Sentence:** The parties agree that the recommendations contained herein fairly and accurately set forth some guidelines that may be applicable to this case. The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a), or any other provision or rule of law not addressed herein. The parties further agree that notice of any such request will be given no later than ten (10) days prior to sentencing and that said notice shall specify the legal and factual bases for the request. The parties understand that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document.

3. **ELEMENTS:**

  a. **Count One:** As to Count One, the defendant admits to knowingly violating Title 18, United States Code, Section 1344, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

 *One*, the defendant knowingly attempted to execute and participated in a scheme to obtain any moneys or funds under the custody and control of a financial institution by means of material false and fraudulent pretenses, representations, and promises;

 *Two*, the defendant did so with intent to defraud; and

 *Three*, the financial institution was insured by the Federal Deposit Insurance Corporation.

  b. **Count Three**: As to Count Three, the defendant admits to knowingly violating Title 18, United States Code, Section 1028A, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

  *One*, that the defendant knowingly transferred, possessed, or used the means of identification of another person;

  *Two*, that the defendant knew that the means of identification the defendant transferred, possessed, or used belonged to another person;

  *Three*, that the defendant transferred, possessed, or used the means of identification without lawful authority;

  *Four*, the defendant knew that he transferred, possessed, or used the means of identification without lawful authority; and

  *Five*, that the defendant transferred, possessed, or used the means of identification during and in relation to the felony crimes of bank fraud and wire fraud.

  c. **Count Four**: As to Count Four, the defendant admits to knowingly violating Title 18, United States Code, Section 1028(a)(3), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

  *One*, that the defendant possessed five or more identification or false identification documents;

  *Two*, that the defendant knowingly possessed the identification documents or false identification documents with the intent to use or transfer them unlawfully; and

  *Three*, that the defendant possessed the identification documents or false identification documents in interstate commerce.

4. **FACTS:**

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On May 16, 2021, Sunset Hills Police Department officers were dispatched to the La Quinta Inn located at 1580 South Kirkwood Road, Sunset Hills, Missouri in reference to a stolen vehicle. The Victims reported that their 2020 Dodge Journey with Arkansas license plates had been stolen from LaQuinta Inn parking lot on May 15, 2021. The male Victim went to smoke and placed his keys to the vehicle in his baseball hat. He thereafter forgot the hat. The female Victim advised that her wallet which contained her Mission Lane Credit card by Visa was in the vehicle. She reported that the credit card was used for a purchase at a Walgreens store 16326 located at 2315 S. Kingshighway St. Louis, for $18.77 on May 16, 2021. On June 2, 2021, the Dodge Journey was located at the River City Casino driven by Byson Whiteside. Whiteside claimed he received the vehicle from Defendant. Defendant denied theft of the vehicle; however, he admitted receiving the vehicle from another. Defendant admitted using the credit card of A.B. at the Walgreens.

On May 1, 2021, Manchester Police Department officers responded to the West County Volvo dealership located at 14410 Manchester Road, St. Louis, Missouri, for an attempted fraudulent purchase for a leased vehicle. The General Manager for the dealership explained that he was notified by the St. Louis Auto Dealers Association of a potential fraud circumstance involving the last name Levine and other identifying information. The General Manger advised that someone matching the description completed an online application to lease a new 2021

4

Volvo XC90 valued at $69,990 on April 30, 2021. Defendant admits that he used a counterfeit State of Illinois driver's license bearing the name of C.L., and the image of Ahart, as well as C.L.'s name, social security number, insurance card, utility bill to lease the 2021 Volvo XC90. Further Defendant utilized C.L."s Simmons Bank credit card information ending in 3317 to make a $1,048 deposit for the lease. Simmons Bank is a financial institution insured by the Federal Deposit Insurance Corporation. The lease purchase was approved.

On May 3, 2021, Ahart, accompanied by Joseph Holmes, arrived at the West County Volvo dealership to pick up the vehicle in a stolen 2021 Chevrolet Tahoe. Ahart represented himself as C.L. to complete the transaction to secure the lease for the vehicle. After completing the purchase, officers arrested Ahart. Defendant admits that he attempted to execute the scheme to purchase the 2021 Volvo XC90 from the West County Volvo dealership and defraud Simmons Bank and the West County Volvo dealership. Defendant agrees and admits that he knowingly possessed the means of identification of another actual person without lawful authority during and in relation to the commission of bank fraud and wire fraud.

On May 10, 2021, Ahart was contacted by Manchester Police Department officers to meet in person to talk. Ahart agreed. Ahart met officers at 4579 Laclede Avenue, St. Louis, Missouri. Ahart arrived at the meeting driving a 2020 Toyota Corolla bearing Missouri license plate VG7R7B. A computer inquiry revealed the 2020 Toyota Corolla was a wanted vehicle for failure to return to a Hertz rental car location in Ballwin, Missouri. License plate VG7R7B was registered to a 2014 Toyota Highlander. A search of the Toyota Corolla revealed several pieces of mail including a CapitalOne letter; card activation form in the name of C.L.; and Geico rate quotes in the name of O.A. addressed to Ahart's home. A search of Ahart's wallet revealed a Citi

5

AAdvantage card ending in number 8748 in the name of A.K.; Controlled Mastercard debit card ending in 2393 in the name of A.L.; CapitalOne Mastercard debit card ending in number 5019 in the name of C.L.; Visa debit card ending in number 29563 in the name of V.A.; AAA insurance card ending in number 5765 in the name of A.G.; Missouri driver's license in the name of D.M.; and an Illinois driver's license in the name of R.E.

On May 12, 2021, Ahart consented to the search of his residence located at 40 North Kingshighway Boulevard Apartment 7B, St. Louis, Missouri. The following items were among those recovered from the residence: two counterfeit State of Alabama temporary identification cards in the name of C.L. bearing Ahart's photograph; counterfeit Missouri temporary drivers license in the name of D.S. bearing Ahart's photograph; a counterfeit Illinois temporary driver's license in the name of M.W. bearing Ahart's photograph; Visa debit card with number ending in 4321 in the name of S.A.; Smione Visa debit card with number ending in 3404 in the name of A.G.; Capital One printout for financing for a 2021 Volkswagen prepared in the name C.L.; Capital One auto financing printout for a 2016 Volvo prepared in the name C.L.; Capital One Platinum Master Card ending in 9798 in name of O.A.; date of birth, social security numbers and address for T.J. and M.G.; stolen 2009 and 2010 Missouri Department of Revenue Income tax returns in the name and social security number of S.S.; 1099-R and W-2 in the name and social security number of S.S.; Citi credit card application in the name of K.D.; note with the date of birth, social security number and address of C.D.; stolen birth certificate in the name of D.Y.; stolen Missouri issued license plates belonging to A.P and H.W., D.B.; Citizens One loan statements in the name of S.A. addressed to the 40 N. Kingshighway Apt. 7B; PNC bank account activation letters for OA accounts ending in 3017, 3025, 3033 addressed to 40 N.

Kingshighway Apt. 7B; PNC bank statements for accounts ending in 3017, 3025,3033 in the name of O.A. addressed to 40 N. Kingshighway Apt. 7B; and a notebook containing numerous credit card numbers, CCV codes, expiration dates and billing zip codes. Defendant agrees and admits that he knowingly possessed with the intent to use or transfer unlawfully five or more identifications documents not issued for his use and false identification documents.

Defendant admits that he was involved in a scheme with Holmes, Whiteside, Samuel Stoddard and others to make counterfeit credit cards utilizing stolen card numbers, counterfeit identification cards, counterfeit licenses, to fraudulently buy and steal vehicles, and to sell stolen vehicles. Defendant further admits that more than ten individuals and businesses were victimized by Defendant's criminal activities, and that Defendant caused, and attempted to cause losses in excess of $150,000, but less than $250,000 in the Eastern District of Missouri.

## 5. STATUTORY PENALTIES:

The defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty are:

    a.    **Count One**: imprisonment of not more than 30 years, a fine of not more than $1,000,000, or both such imprisonment and fine. The Court may also impose a period of supervised release of not more than 3 years.

    b.    **Count Three**: mandatory term of imprisonment of 2 years which must be served consecutively with any other term of incarceration imposed, a fine of not more than $250, 000, or both such imprisonment and fine. The Court may also impose a period of supervised release of not more than 1 year.

    c.    **Count Four:** imprisonment of not more than five (5) years, a fine of not more than $250,000, or both such imprisonment and fine. The Court may also impose a period of supervised release of not more than 3 years.

**6. U.S. SENTENCING GUIDELINES: 2021 MANUAL:**

The defendant understands that these offenses are affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the applicable U.S. Sentencing Guidelines Total Offense Level provisions.

    a. **Chapter 2 Offense Conduct:**

    (i) **Base Offense Level:** As to Counts One and Four, the parties agree that the base offense level is **6**, as found in Section 2B1.1(a)(2).

As to Count Three, the parties agree that the application of Sentencing Guideline § 2B1.6, which provides that if defendant is convicted of violating 18 U.S.C. § 1028A, the guideline sentence is a term of imprisonment required by statute.

    (ii) **Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply: **10** levels should be added pursuant to Section 2B1.1(b)(1)(F) because the intended loss was greater than $150,000; **2** levels should be added pursuant to Section 2B1.1(b)(2)(A) because the offense involved 10 or more victims; **2** levels should be added pursuant to Section 2B1.1(b)(15) because the offense involved an organized scheme to steal or to receive stolen vehicles; **2** levels should be added pursuant to Section

8

2B1.1(b)(11)(A)(ii) because the offense involved the production or trafficking of any counterfeit access device.

    b.    **Chapter 3 Adjustments:**

(i) **Acceptance of Responsibility:** The parties recommend that **two** levels should be deducted pursuant to Section 3E1.1(a), because the defendant has clearly demonstrated acceptance of responsibility. If the deduction pursuant to Sentencing Guidelines Section 3E1.1(a) is applied and the Defendant is otherwise eligible, then the United States moves to deduct **one** additional level pursuant to Sentencing Guidelines Section 3E1.1(b)(2), because Defendant timely notified authorities of the intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

The parties agree that if Defendant does not abide by all of the agreements made within this document, Defendant's failure to comply is grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. The parties further agree that Defendant's eligibility for a reduction pursuant to Sentencing Guidelines Section 3E1.1 is based upon the information known at the present time and that any actions of Defendant which occur or which become known to the United States subsequent to this agreement and are inconsistent with Defendant's acceptance of responsibility including, but not limited to criminal conduct, are grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. In any event, the parties agree that all of the remaining provisions of this agreement remain valid and in full force and effect.

  c. **Estimated Total Offense Level**: The parties estimate that the Total Offense Level is **19**.

  d. **Criminal History**: The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

  d. **Effect of Parties' U.S. Sentencing Guidelines Analysis**: The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

## 7. PARTIAL WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:

 **a. Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

  (i) **Non-Sentencing Issues**: The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery, the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

  (ii) **Sentencing Issues**: In the event the Court accepts the plea and, after determining a Sentencing Guidelines range, sentences the Defendant below or on the lowest end

of that range, then, as part of this agreement, the Defendant hereby waives all rights to appeal all sentencing issues other than Criminal History. Similarly, the United States hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea and sentences the Defendant within or above that range.

    b. **Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

    c. **Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

8. **OTHER:**

    a. **Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

    b. **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

   c. **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. These conditions will be restrictions on the defendant to which the defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished

   d. **Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $300, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

   e. **Possibility of Detention:** The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143. Based on the presently available information the Government does not intend to move for detention.

   f. **Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c). Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts

allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment.

**g. Forfeiture:** The defendant agrees the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to the defendant when it is issued and will be part of the sentence. The defendant agrees not to object to any administrative, civil or criminal forfeiture brought against any assets subject to forfeiture. The defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the government and/or to rebut the claims of nominees and/or alleged third party owners. The defendant knowingly and intelligently waives all constitutional and statutory challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument.

The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

## 9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to

require the government to prove the elements of the offenses against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

The guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

10. **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

11. **CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation, violates any term of this guilty plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

12. **NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except

15

where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

| | |
|---|---|
| 12/15/22<br>Date | _____<br>LINDA LANE<br>Assistant United States Attorney |
| 12/15/22<br>Date | _____<br>JARED AHART<br>Defendant |
| 12/15/22<br>Date | _____<br>DIANE DRAGAN<br>Attorney for Defendant |

16